UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 07-cr-20531

v                                          Honorable Thomas L. Ludington

TORRELEE BRAZIL,

        Defendant.

_____/

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

Torrelee Brazil is currently serving a 120-month sentence for distributing crack cocaine. On June 21, 2013, Brazil filed a motion to reduce his sentence based on the retroactive application of the Fair Sentencing Act pursuant to 18 U.S.C. § 3582(c). Because Brazil was sentenced to the mandatory minimum, the FSA does not affect his sentence and his motion will be denied.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and

powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id*. § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines

Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On August 12, 2008, Brazil pleaded guilty to distributing at least 5 grams of cocaine base. According to the Presentence Investigation Report, McKinney's base offense level was 24, but he received a three point reduction for acceptance of responsibility—resulting in a total

offense level of 21. Because Brazil was on probation for a prior possession of cocaine conviction, his criminal history was set as category II. The resulting guidelines range of imprisonment was 41 to 51 months. The presentence report also noted, however, that mandatory minimum of 120 months applied. On December 8, 2008, the Court sentenced Brazil to 120 months' imprisonment—the statutory minimum.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Brazil. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders.

But § 3582(c)(2) only allows for a sentence reduction when the sentence imposed was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Brazil's sentence was not based on a guidelines range that later changed, but rather a statutorily-imposed mandatory minimum. And, as the Sixth Circuit recently made clear in *United States v. Blewett*, No. 12-5226, 2013 WL 6231727 (6th Cir. Dec. 3, 2013) (en banc), the FSA's new mandatory minimums do "not apply to defendants sentenced before its effective date." *Id*. at *8. So, even if Brazil's guideline range was reduced, the 120-month statutory minimum in effect at the time of his sentencing still applies. Therefore, Brazil's request for a sentence reduction will be denied.

### III

Accordingly, it is **ORDERED** that Brazil's Motion for Retroactive Application of Sentencing Guidelines (ECF No. 332) is **DENIED.**

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: September 2, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Torrelee Brazil #37457-177, Duluth Federal Prison Camp, Inmate Mail/Parcels, P.O. Box 1000, Duluth, MN 55814 by first class U.S. mail on September 2, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS